AO 243 (Rev. 01/15)

FILED

AUG 1 3 2018 Page 2

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Western District of Texas (Midland) | |
|---|---|---|---|
| Name *(under which you were convicted):* Robert Bahena, Jr. | | | Docket or Case No.: 7:16-cr-00021-RAJ-1 |
| Place of Confinement: FCI Florence, P.O. Box 6000, Florence, CO 81226 | | Prisoner No.: 84965-280 | 7:18-CV-138 |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* | |
| V. | | ROBERT BAHENA, JR. | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Western District of Texas
   Midland Division

   (b) Criminal docket or case number (if you know):  7:16-cr-00021-RAJ-1

2. (a) Date of the judgment of conviction (if you know):  6/27/2016

   (b) Date of sentencing:  6/15/2016

3. Length of sentence:  262 Months

4. Nature of crime (all counts):

   Count 1: Possession With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

5. (a) What was your plea?  (Check one)

   (1) Not guilty ☐        (2) Guilty ☑        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Count 1.

6. If you went to trial, what kind of trial did you have?  (Check one)        Jury ☐        Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☑

8. Did you appeal from the judgment of conviction?        Yes ☑        No ☐

AO 243 (Rev. 01/15)                                                                                          Page 3

9.   If you did appeal, answer the following:

   (a)  Name of court:   United States Court of Appeals for the Fifth Circuit

   (b)  Docket or case number (if you know):   No. 16-50818

   (c)  Result:   Affirmed

   (d)  Date of result (if you know):   5/18/2017

   (e)  Citation to the case (if you know):   United States v. Robert Bahena (No. 16-50818) (5th Cir. 2017)

   (f)  Grounds raised:

   1) Bahena contended that the District Court plainly erred by sentencing him as a career offender pursuant to
   USSG § 4B1.1 based on his Texas conviction for burglary of a habitation under Texas Penal Code § 30.02.
   2) Bahena argued that this conviction does not qualify as a crime of violence under § 4B1.1 in light of Mathis v.
   United States, 136 S. Ct. 2243 (2016).

   (g)  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☑

      If "Yes," answer the following:

      (1)  Docket or case number (if you know):   N/A

      (2)  Result:

      (3)  Date of result (if you know):

      (4)  Citation to the case (if you know):

      (5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
   concerning this judgment of conviction in any court?
   Yes ☑      No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1)  Name of court:   Western District of Texas (Midland)

      (2)  Docket or case number (if you know):   7:16-cr-00021-RAJ-1  Doc. 47

      (3)  Date of filing (if you know):   7/17/2017

      (4)  Nature of the proceeding:

      (5)  Grounds raised:   Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment
      798.

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐   No ☑

(7)   Result:  Denied

(8)   Date of result (if you know):  8/10/2017

(b)  If you filed any second motion, petition, or application, give the same information:

(1)   Name of court:  N/A

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐   No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:         Yes ☑   No ☐

(2)   Second petition:      Yes ☐   No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                               Page 5

**GROUND ONE:**   Ineffective Assistance of Counsel

---

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel's failure to:
(1) Advise Bahena of the Relevant Circumstances and Likely Consequences of Pleading Guilty As Opposed to
Proceeding to Trial; and
(2) Properly Object to Bahena's Career Offender Classification Deprived Bahena of Effective Assistance of
Pretrial and A Fair and Just Sentence Under the Sixth Amendment to the Constitution of the United States.

Please see Memorandum of Law in Support.

(b)  **Direct Appeal of Ground One:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☑

    (2)  If you did not raise this issue in your direct appeal, explain why:

    Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☑

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:   N/A

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:**   Bahena's prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

In light of Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Herrod, (No. 14-11317) (5th Cir. 2018), Bahena's prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement.

Please see Memorandum of Law in Support.

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑    No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:**  N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

         Yes ☐    No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

         Yes ☐    No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?

         Yes ☐    No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

         Yes ☐    No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

         Yes ☐    No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**   N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?          Yes ☑          No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

United States Court if Appeals for the Fifth Circuit, USCA No. 17-50775, Appeal re: Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 798.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
Robert Victor Garcia, Jr., Attorney At Law, 413 North Texas Ave., Odessa, TX 79761

(b) At the arraignment and plea:
Robert Victor Garcia, Jr., Attorney At Law, 413 North Texas Ave., Odessa, TX 79761

(c) At the trial:
N/A

(d) At sentencing:
Robert Victor Garcia, Jr., Attorney At Law, 413 North Texas Ave., Odessa, TX 79761

(e) On appeal:
Franklin Gordon Bynum, Bynum Law Office PLLC, 600 Congress Ave., Austin, TX 78701

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

AO 243 (Rev. 01/15)                                                                                                    Page 12

___

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –
        (1)   the date on which the judgment of conviction became final;
        (2)   the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such a
motion by such governmental action;
        (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or
        (4)   the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

Page 13

Therefore, Bahena respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

ROBERT BAHENA, JR.
REG. NO. 84965-280
FCI FLORENCE
FEDERAL CORR. INSTITUTION
P.O. BOX 6000
FLORENCE, CO  81226
Appearing *Pro Se*

## DECLARATION OF ROBERT BAHENA, JR.

I, Robert Bahena, Jr., declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: August 2, 2018.

ROBERT BAHENA, JR.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

**ROBERT BAHENA, JR.,**     )

          )

        **Movant,**     )

          )

**v.**            )   **Civil No. 7:18-cv-_138_**

          )   **Crim No. 7:16-cr-00021-RAJ-1**

**UNITED STATES OF AMERICA,**   )

          )

        **Respondent.**    )

## MOTION UNDER  28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND MEMORANDUM OF LAW IN SUPPORT

COMES Movant, ROBERT BAHENA, JR. ("Bahena"), appearing *pro se*, and in support of this motion would show as follows:

## I. JURISDICTION

Bahena is timely filing a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") contemporaneously with this Memorandum of Law. Jurisdiction is vested in this District Court that presided over and imposed sentence pursuant to Rule 4(a) of the Rules Governing § 2255 Proceedings. See *Liteky v. United States,* 510 U.S. 540, 562 (1994).

## II. <u>STATEMENT OF THE GROUND FOR RELIEF</u>

A.      Whether pretrial counsel's failure to: (1) Advise Bahena of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; and (2) Properly object to Bahena's career offender classification deprived Bahena of effective assistance of pretrial and a fair and just sentence under the Sixth Amendment to the Constitution of the United States.

B.      Whether, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Herrold*, (No. 14-11317) (5th Cir. 2018), Bahena's prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement.

## III. <u>STATEMENT OF THE CASE</u>

### A.      <u>Procedural Background</u>

On January 27, 2016, a grand jury sitting in the United States District Court for the Western District of Texas, Midland Division, returned a one (1) count Indictment charging Bahena. See Doc. 13.[1] Count 1 charged Bahena with Possession With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *Id.*

---

[1]

"Doc." refers to the Docket Report in the United States District Court for the Western District of Texas, Midland Division in Criminal No. 7:16-cr-00021-RAJ-1, which is immediately followed by the Docket Entry Number.

On March 18, 2016, a Re-arraignment Hearing was held and Bahena entered a guilty plea as to Count 1 of the Indictment, without a written Plea Agreement. See Doc. 26.

On June 15, 2016, Bahena was sentenced to a term of 262 months' imprisonment, 5 years Supervised Release, no fine or restitution, and a Mandatory Special Assessment Fee of $100. See Doc. 37.

On June 24, 2016, Bahena timely filed a Notice of Appeal. See Doc. 40.

On May 18, 2017, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed Bahena's judgment. See Doc. 46.

On July 17, 2017, Bahena filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 798 ("3582 Motion"). See Doc. 47.

On August 10, 2017, the Court issued an Order denying Bahena's 3582 Motion because of his career offender status. See Doc. 50.

On September 5, 2017, Bahena filed a Notice of Appeal re: denial of his 3582 Motion. See Doc. 51.

On January 22, 2018, the Fifth Circuit issued an Order remanding Bahena's case to the District Court regarding Motion for a determination whether the defendant is entitled to an extension of time to appeal, however, on June 7, 2018, the Court deemed Bahena's appeal as time-barred. See Docs. 52, 54.

3

**B.    Statement of the Relevant Facts**

1.    Offense Conduct

The following is a Factual Basis of Bahena's plea of guilty:

On December 4, 2015, the Odessa Police Department executed a search warrant at the residence of Robert Bahena, Jr., located at 4330 North Grandview, Apartment 1603, Odessa, Texas. During the search of the residence, officers located approximately 100 grams of actual methamphetamine in a clothes hamper under dirty clothing belonging to Bahena. The methamphetamine was packaged in four individually wrapped plastic packages and consistent with distribution.

In addition to the methamphetamine, officers located two scales in the apartment which is also consistent with distribution of controlled substances. Bahena admits that he possessed the actual methamphetamine recovered from his apartment on December 4, 2015, with the intent to distribute it in the Western District of Texas.

See Doc. 44 at 17-18.

2.    Plea Proceeding

On March 18, 2016, a Re-arraignment Hearing was held before Honorable David Counts, U.S. Magistrate Judge. See Doc. 26. Bahena pled guilty to the Indictment without the benefit of a Plea Agreement, which was accepted by the Court. An oral Factual Basis was submitted at the time of plea. The case was referred to the U.S. Probation Office for the preparation of the Presentence Report ("PSR").

4

### 3.    Presentence Report Recommendations

On May 19, 2016, the Probation Office prepared a revised PSR. The November 2015 Guidelines Manual, incorporating all guideline amendments, was used to determine Bahena's offense level, pursuant to USSG § 1B1.11. On Count 1: Possession with Intent to Distribute 50 grams or more of Methamphetamine, the PSR recommended a Base Offense Level of 30, pursuant to USSG § 2D1.1(c)(5). However, Bahena was deemed to be a career offender because he was at least 18 years old at the time of the instant offense of conviction; and he has at least two prior felony convictions of either crime of violence or of a controlled substance offense, pursuant to USSG § 4B1.1, therefore, the offense level is 37. Because Bahena clearly demonstrated acceptance of responsibility, he received a three (3) level reduction, pursuant to USSG §§ 3E1.1(a) and (b). Bahena's Total Offense Level is 34. Bahena's criminal history score established a Criminal History Category of V. But Bahena was classified as a career offender, therefore, the Criminal History Category is VI. Based upon a Total Offense Level of 34 and a Criminal History Category of VI, the guideline imprisonment range is 262 to 327 months.

### 4.    Sentencing Proceeding

On June 15, 2016, a Sentencing Hearing was held before Honorable Judge Robert A. Junell. See Doc. 37. At sentencing, the Court overruled Bahena's objection

5

under § 4B1.1 absent supporting case law. See Doc. 45 at 6-7. Accordingly, the Court adopted the PSR and the application of the U.S. Sentencing Guidelines contained in the report. *Id.* at 9. Bahena was sentenced to a term of 262 months' imprisonment, 5 years Supervised Release, no fine  or restitution, and a Mandatory Special Assessment Fee of $100. See Doc. 38. A timely Notice of Appeal was filed on June 24, 2016. See Doc. 40.

      5.    Appellate Proceeding

On Appeal, Bahena contends that the District Court plainly erred by sentencing him as a career offender pursuant to USSG § 4B1.1 based on his Texas conviction for burglary of a habitation under Texas Penal Code § 30.02. Bahena argues that this conviction does not qualify as a crime of violence under § 4B1.1 in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). The government has filed an opposed motion for summary affirmance asserting that Bahena's arguments are foreclosed by the recent decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), cert. denied, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). The Fifth Circuit opined that the government is correct that *Uribe* forecloses Bahena's *Mathis* argument. See *Uribe*, 838 F.3d at 669–71. Accordingly, the government's motion for summary affirmance was granted and the judgment of the District Court was affirmed.

6

## IV. <u>COGNIZABLE ISSUES UNDER 28 U.S.C. § 2255</u>

The function of a § 2255 Motion to Vacate, Set Aside or Correct Sentence is to inquire into the legality of the federal prisoner's detention. See *Heflin v. United States*, 358 U. S. 415, 421 (1959). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the imposition or length of his or his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "that the sentence is otherwise 'subject to collateral attack.'" 28 U. S. C. § 2255 (1994). Despite this apparently broad language, violations of federal law are only cognizable if they involve a "fundamental defect" resulting in a "complete miscarriage of Justice." *Davis v. United States*, 417 U. S. 333, 346 (1974).

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true,

7

would entitle him to relief." *United States v. Batamula*, 823 F.3d 237 (5th Cir. 2016).

"[A] petitioner need only allege – not prove – reasonably specific, non-conclusory

facts that, if true, would entitle him to relief." *United States v. Kayode*, 777 F.3d 719

(5th Cir. 2014). However, a district court need not hold a hearing if the allegations are

"patently frivolous," "based upon unsupported generalizations," or "affirmatively

contradicted by the record." *Holmes*, 876 F.2d at 1553.

A § 2255 Motion requires the district court to either order the government to

respond or to hold an evidentiary hearing unless the Motion, files and record of the

case demonstrate that no relief is warranted. See *Aron*, 291 F.3d at 715 n.6. "Under

28 U. S. C. § 2255, unless the motion and record as constituted show conclusively

that relief is not available, an evidentiary hearing should be held." 28 U.S.C. §

2255(b).

Upon granting a § 2255 Motion, "[t]he court shall vacate and set the judgment

aside and shall discharge the prisoner or resentence him . . . or correct the sentence

as may appear appropriate." 28 U. S. C. § 2255. The remedy provided in § 2255 is

broad and flexible, and entrusts the federal courts with the power to fashion

appropriate relief. See *Andrews v. United States*, 373 U. S. 334, 339 (1963).

Ineffective assistance of counsel claims are cognizable in a § 2255 setting

because they are of constitutional dimension. See *Kimmelman v. Morrison*, 477 U.

S. 365, 371-79 and n.3 (1986); *Strickland v. Washington*, 466 U. S. 668 (1984).

To prevail on a claim of ineffective assistance of counsel, Bahena must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *Kimmelman*, 477 U. S. at 375.

The "reasonableness of counsel's challenged conduct" must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (citing *Strickland*, 466 U. S. at 690). In the course of the latter portion of this inquiry, the Court must consider not merely whether the outcome of the defendant's case would have been different, but also whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair. See *Lockhart*, 506 U. S. at 368-73. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart*, 506 U. S. at 372. Thus, prejudice is measured by current law and not by the law as it existed at the time of the alleged error. *Id.*

The familiar two-part test of *Strickland* has been applied by the Supreme Court and the Fifth Circuit in a wide variety of contextual challenges to the effectiveness of counsel's performance. With regard to the performance prong of the

9

*Strickland/Hill* test, "if a defendant is represented by counsel and pleas guilty upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U. S. 759 (1970). "[T]o prove prejudice, [Bahena] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 841-42. "And, of course, 'any amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the *Strickland* test." *Glover v. United States*, 531 U.S. 198, 203 (2001). Additionally, "[o]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty." *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" See *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Premo v. Moore*, 131 S. Ct. 733, 743 (2011); *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010).

In an effort to provide guidance as to how *Hill* applies to differing factual settings, the Supreme Court decided *Lafler* and *Frye* and established a constitutional standard applicable in all of the separate phases of a criminal trial to which the Sixth Amendment applies, including the point at which a defendant decides whether to

10

plead guilty to a crime. In *Lafler*, the Court held that when counsel's ineffective advice led to an offer's rejection, and when the prejudice alleged is having to stand trial, a defendant must show that, but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been been less severe than under the actual judgment and sentence imposed. In *Frye*, the Court held that the Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected, and that right applies to "all 'critical' stages of the criminal proceedings."

In the context of sentencing, prejudice means that but for counsel's error(s), acts and/or omissions, his sentence would have been significantly less harsh. See *United States v. Grammas*, 371 F.3d 281 (5th Cir. 2004); *United States th v. Conley*, 349 F.3d 837, 839 (5th Cir.2003). In a ruling on a motion under § 2255, the court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Rule 8 of the Rules Governing § 2255 Proceedings states: "If the [§ 2255] motion is not dismissed, the judge must review the answer, any transcript and records of prior proceedings, and any materials submitted... to determine whether an evidentiary hearing is warranted". See *United States v. Cavitt*, 550 F.3d 430, 441-42

11

(5th Cir. 2008). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. See *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

Upon granting a § 2255 Motion, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him . . . or correct the sentence as may appear appropriate." 28 U. S. C. § 2255.

## V. DISCUSSION

As a preliminary matter, Bahena respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

12

**A.** **Counsel's Failure To: (1) Advise Bahena of the Relevant Circumstances and Likely Consequences of Pleading Guilty As Opposed to Proceeding to Trial; and (2) Properly Object to Bahena's Career Offender Classification Deprived Bahena of Effective Assistance of Pretrial and A Fair and Just Sentence Under the Sixth Amendment to the Constitution of the United States.**

Chapter 1, Rule 1.4: Communication of the Texas Rules of Professional Conduct states that:

 (a) A lawyer shall:

   (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in RPC 1.0(e), is required by these Rules;

   (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

   (3) keep the client reasonably informed about the status of the matter;

   (4) promptly comply with reasonable requests for information; and

   (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

13

Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation. It is one of the cornerstones of effective legal representation by an attorney.

In this case, Robert Victor Garcia, Jr. ("Garcia") was Bahena's retained counsel from pretrial to sentencing. There was not any reasonable communication from the beginning of his case between Bahena and Garcia, so that he could effectively participate in his defense. Garcia certainly did not meet the standard as set forth above in Rule 1.4 of the Texas Rules of Professional Conduct or any other professional norm for that matter. He failed to reasonably consult with Bahena about the means to be used to accomplish his objectives.

Here, Bahena was offered a 10-year Plea Agreement, which he did not accept because according to Garcia, Bahena's guidelines were at Category V and a Total Offense Level of 27 (after a 3-level reduction for acceptance of responsibility), establishing a guideline imprisonment range of 120 to 150 months. Bahena did not want to waive all his appeal rights so he opted to reject the Plea Agreement. Garcia assured Bahena that he would not be classified as a career offender because his state felony burglary of a habitation conviction was not a crime of violence that can be used against him. However, at sentencing, when Garcia argued that Bahena should not be a career offender, the Court asked if Garcia had any case law to support the

14

argument, he stated that he didn't. Knowing that on January 27, 2016, the Sentencing Guidelines had already made it clear that 'burglary of dwelling' would no longer be a prior to use to enhance a sentence under § 4B1.1, and that it will be applied retroactively on August 1, 2016 (USSG Amendment 798). Garcia failed to cite the said Amendment in Court, which prejudiced Bahena by receiving a 262-month sentence.

Garcia has the obligation to conduct a reasonably substantial, independent investigation. See *Elmore v. Ozmint*, 661 F.3d at 804. The Supreme Court has explained the governing standard:

> Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91.

The guiding principle is that a lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interest. Garcia failed to do so.

The Fifth Circuit has observed that providing counsel to assist a defendant in deciding whether to plead guilty is "'[o]ne of the most precious applications of the Sixth Amendment.'" *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004) (quoting *Reed v. United States*, 354 F.2d 227,229 (5th Cir. 1965)). When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice. See *Teague v. Scott*, 60F.3d 1167, 1170 (5th Cir. 1995). Where a defendant persists in a plea of not guilty, counsel's failure to properly inform him about potential sentencing exposure may constitute ineffective assistance. *United States v. Ridgeway*, 321 F.3d 512, 514 (5th Cir. 2003).

To obtain relief on an ineffective assistance claim, Bahena ultimately must demonstrate that his attorney's performance was deficient, and that there is a reasonable probability that, but for counsel's deficient performance, he would have pleaded guilty. See *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("*Strickland*"); see also, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) ("*Lafler*"); *Missouri v. Frye*, 132 S. Ct. 1399 (2012) ("*Frye*"); *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010) ("*Padilla*") ("Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'") (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

In *Hill*, the Court considered a *Strickland* claim based on allegations that the petitioner's lawyer had given bad advice that caused her to plead guilty instead of proceeding to trial. While there have been many cases analogous to *Hill*, it has been understood that *Hill* established a rule applicable to other circumstances when lawyers advise their clients at the plea-bargaining stage of the case. Cf. *Lafler*, supra; *Frye*, supra; *Padilla*, 130 S. Ct. at 1485 n.12. For instance, *Hill* has been applied to a case in which a lawyer was found to have provided ineffective assistance of counsel when the defendant rejected a plea deal and proceeded to trial in the face of overwhelming evidence of guilt and lacking any viable defense. See *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991).

The U.S. Supreme Court decided *Lafler* and *Frye* in an effort to provide guidance in how *Hill* applies to differing factual settings, and established constitutional standard applicable in all of the separate phases of a criminal trial where the Sixth Amendment applies, including the point at which a defendant decides whether to plead guilty to a crime. In *Lafler*, the Court held that when counsel's ineffective advice led to an offer's rejection, and when the prejudice alleged is having to stand trial, a defendant must show that but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both,

under the offer's terms would have been less severe than under the actual judgment and sentence imposed. In *Frye*, the Court held that the Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected, and that right applies to "all 'critical' stages of the criminal proceedings."

In this case, Bahena rejected the plea offer and so did the Court. As such, he was enhanced as a career offender. If not for Garcia's erroneous assessment of Bahena's prior convictions; inaccurate judgment of records; and incorrect advice, Bahena would have signed the Plea Agreement and be sentenced without the career offender enhancement. More so, Garcia's lack of research of case laws, he failed to prove in Court that Bahena's prior state felony burglary of a habitation conviction no longer qualifies as a predicate offense under the career offender guideline.

This present matter is similar to *Lafler* in that Bahena was misinformed by Garcia of the likely consequences of pleading guilty rather than proceeding to trial. In fact, there is a reasonable probability that Bahena would have signed the Plea Agreement had Garcia not affirmatively misadvised him regarding his case. Garcia also failed to inform Bahena regarding the substance of the Plea Agreement. Bahena was forced to wholly rely on Garcia's advice, and based on that misadvice, he grudgingly opted to proceed to trial. Had Bahena been properly informed by Garcia,

he would have had a correct understanding of the facts, law of the case and likely consequences in order to make an intelligent and informed decision of whether to proceed to trial or to plead guilty. "It is the lawyer's duty to ascertain if the plea is available, that it would have lead to a shorter sentence and entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an understanding of the law in relation to the facts." *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005). The advice he gives need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice. *Lafler*, supra. In other words, if the quality of counsel's advice falls below a certain minimum level, the client's decision whether to plead guilty or proceed to trial cannot be knowing and voluntary because it will not represent an informed choice. *Id.*

In this case, Garcia failed to correctly familiarize himself with the relevant facts, case law, applicable sentencing guidelines and the relevant circumstance and likely consequences of a conviction in Bahena's case. He failed to properly advise Bahena of all these matters, which led him to a 262- month sentence. Had he done so, Garcia could have advised Bahena of the actual correct options available, and there is a reasonable probability that he would have pled guilty (open plea to preserve his appeal rights).

19

As such, Garcia performed below an objective standard of reasonableness. Had he familiarized himself with the facts and researched the applicable law and sentencing guidelines, he would have been able to correctly inform Bahena of the likely consequences and hurdles that he faced if he pled guilty or proceeded to trial. He simply failed to do so, and as a result, Bahena was prejudiced by receiving a 262-month sentence. *Glover*, supra. Garcia misrepresentation of material facts, which Bahena wholly relied on, constituted deficient performance. He suffered prejudice from Garcia's acts and omissions when he received a 262-month sentence. As such, Bahena easily meets *Strickland*'s two prong test for ineffective assistance of counsel and relief should be granted in the first instance. Garcia's errors in this case were so blatant and flagrant that the Court can conclude that they resulted from a lack of experience, or neglect rather than an informed professional deliberation. He failed his duty to properly advise Bahena.

Garcia's advice was not a predication, probability, or an estimate, but rather a lack of communication with Bahena. In turn, Bahena had to wholly rely on his erroneous advice. Thus, Bahena was not fairly apprised of the consequences of his decision to proceed to trial. In other words, Bahena's reliance on Garcia's significantly flawed advice about the consequences of pleading guilty rather than proceeding to trial violated his due process rights. See *Hill*, 474 U.S. at 56.

Had Garcia advised Bahena of the true sentencing exposure he faced if he proceed to trial, there is a reasonable probability that he would have plead guilty to an open plea. Worse yet, Garcia failed to negotiate any reasonable plea agreement with the government that would have benefitted Bahena.

In *Lafler v Cooper*, 132 S. Ct. 136 (2012), the U. S. Supreme Court stated in part, "when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome. After the plea offer had been rejected, there was a full and fair trial before the jury. After a guilty verdict, he received a sentence harsher than that offered in the rejected plea bargain. The court held that, where counsel's ineffective advice led to an offer's rejection, and where the prejudice alleged was having to stand trial, a defendant must show that but for the ineffective advice, there was a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed." *Id.* The court vacated the judgment of the Sixth Circuit and remanded for further proceedings.

Garcia was ineffective under the Sixth Amendment for failing to know that the guidelines would be amended in Bahena's favor just days after his sentencing, and failing to raise that issue with the trial court.

21

See *United States v. Carthorne*, (No. 16-6515) (4th Cir. 2017). In this appeal, we consider the district court's dismissal of a motion for post-conviction relief under 28 U.S.C. § 2255. We decide whether our decision on direct appeal, that a sentencing court did not plainly err in designating a defendant as a "career offender," requires a conclusion on collateral review that trial counsel did not render ineffective assistance by failing to object to that designation. Upon our review, we conclude that the standards for plain error and ineffective assistance of counsel are distinct and do not necessarily result in equivalent outcomes for the defendant. Under the circumstances presented here, we hold that the defendant's trial counsel rendered ineffective assistance by failing to understand the required legal analysis, and by failing to make an obvious objection to the career offender designation. These failures by counsel resulted in prejudice to the defendant by increasing his sentence by more than seven years' imprisonment. We therefore vacate the defendant's sentence, and remand the case to the district court for resentencing.

### *Amendment 798*

On January 27, 2016 the U.S. Sentencing Commission had announced that the offense of "burglary," would no longer be an enumerated crime of violence pursuant to Amendment 798 to the Guidelines, which would take effect on August 1, 2016. Meaning, that after the enactment of the Amendment 798, the offense of burglary

would no longer be available in association with USSG § 4B1.2, which serves to govern the legal application of the Career Offender provision. Garcia failed to "object" and/or raise the aforementioned issue period, which would have served to shield Bahena from the Career Offender provision, because the prerequisite elements could not be satisfied.

Furthermore, should counsel have acted in accordance therewith, Bahena would not have been subjected to career offender enhancement, which served to produce a term of imprisonment equivalent to double the normal guideline assessment associated with the conduct embodied in the instant case. Moreover, the aforementioned information was relevant and available to the defense prior to Bahena pleading guilty and/or the imposition of sentence. Thus, defense counsel should of at the very least, objected to the PSR, by which, Bahena was assessed as a career offender with the use of the prior Texas conviction for the offense of burglary pursuant to TPC § 30.02; based upon the fact, that the offense/conduct associated with burglary was being removed from the enumerated list of violent crimes available under the provisional scope of the Guidelines. Therefore, Bahena no longer qualified as a career offender, and counsel should have had the hindsight to recognize the Commission's action would work in favor of Bahena, by shielding his from an adverse sentencing provision.

Thus, in accordance with the aforementioned, Bahena contends that he has successfully satisfied the prongs of *Strickland*, in that the "deficiency" prong is satisfied via counsel's failure to action via a failure to object to the assessment as a career offender and/or raising the fact of the upcoming Amendment, which is further supported by the fact that "*Mathis*" had been argued before the Supreme Court prior to the imposition of Bahena's sentence. Thereby, producing viable grounds for a stayed sentencing hearing. Secondly, the "prejudice/injury" prong is satisfied via the term of incarceration imposed, in that Bahena's guideline assessment absent the career offender enhancement was 30, and a Criminal History Category of V, establishing a guideline imprisonment range of 120 to 150 months' imprisonment. Nonetheless, after the implementation of the career offender enhancement, Bahena's Offense Level increased to 37, with a Criminal History Category of VI. Bahena received a 3-level reduction for acceptance of responsibility. As such, his Total Offense Level was 34 and Criminal History Category VI, which resulted to a term of 262 to 327 months. In which, the District Court imposed a term to reflect the low-range of the applicable guideline. Furthermore, if stayed counsel would have been able to produce a viable claim, by which, it would have been shown, that Bahena was prone to sentencing in accordance with Amendment 798 and the "*Mathis*" decision, based upon the fact, that both actions fall under the scope of retroactive application

24

in accordance with the *Teague* Doctrine. In that they satisfy both the "substantive" and "procedural" exceptions established via the doctrine.

Accordingly, Garcia's performance at sentencing was deficient, which prejudiced Bahena. If only Garcia did his job and argued enhancements accordingly, Bahena's Total Offense Level would have been 27 in Criminal History Category V, which would yield an advisory guideline range of 120 to 150 months. Appropriately, the Court should resentence Bahena to 120 months, the low-range of the guideline as it previously did.

Accordingly, Bahena's conviction and sentence should be vacated for relief in the first instance.

**B.** **In Light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Herrold*, (No. 14-11317) (5th Cir. 2018), Bahena's Prior Convictions Do Not Qualify Him as a Career Offender Requiring Resentencing Without the Career Offender Enhancement.**

See *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016). The government conceded that *Mathis* was retroactive on initial § 2255 Motions. The Court held that Section 2255(a) allows a district court to reduce a sentence that exceeds the statutory maximum, and substantive decisions such as *Mathis* presumptively apply retroactively on collateral review. See *Holt*, (No. 16-1793) (7th Cir. Dec. 13, 2016). See also, e.g., *Davis v. United States*, 417 U.S. 333 (1974); *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

25

In this case, the District Court erred in determining that Bahena was a career offender within the meaning of USSG § 4B1.1(a), which provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Bahena was over 18 years of age when he committed this offense, and it was a "controlled substance" offense within the meaning of USSG § 4B1.1(a). His sentence was therefore subject to being enhanced under the "career offender" Guidelines provision, § 4B1.1, if he had "at least two prior felony convictions of either a controlled substance offense or a crime of violence." The PSR construed USSG § 4B1.2, which defines a "controlled substance offense" and a "crime of violence."

Bahena was sentenced as a career offender because before he was convicted in federal court of the present offense, Bahena allegedly had at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense," enumerated as follows:

    (1)    Federal Drug Trafficking Conviction, Case No. 4:11-CR-382; and

    (2)    State Felony Burglary of a Habitation Conviction, Case No. B41614.

26

*Burglary of Habitation*

The Definitions of Terms Used in Section 4B1.1. The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)   is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2.

Texas burglary law defines "habitation" to include both buildings and vehicles "adapted for the overnight accommodation of persons." Texas Penal Code § 30.01(1) (emphasis added).

The Fifth Circuit recently held that a Texas conviction for burglary of a habitation may not qualify as generic, contemporary "burglary" because Texas Penal Code 30.02(a)(3) permits conviction where the defendant did not enter with intent to commit a felony. *United States v. Constante*, 584 F.3d 584 (5th Cir. 2008); see also *United States v. Aguila-Montes*, 553 F.3d 1229 (9th Cir. 2009) (California first degree burglary not crime of violence because entry may be lawful); but see *United States v. Valdez-Maltos*, 443 F.3d 910 (5th Cir. 2006) (burglary of habitation under Tex. Penal Code § 30.02 (a)(1) crime of violence under § 2L1.2).

27

Also, on February 20, 2018, in an 8-7 opinion in *United States v. Herrold*, No. 14-11317 (5th Cir. Feb. 20, 2018) (*en banc*), the Fifth Circuit addressed whether Texas' burglary statute, Texas Penal Code § 30.02, qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). To answer that question, the court first looked to whether two provisions of the statute, § 30.02(a)(1) and (3), were indivisible for the purposes of the categorical analysis. Looking to the Supreme Court's decision in *Mathis*, the Fifth Circuit conducted a search of Texas case law interpreting the statute in question. According to the Fifth Circuit, despite the fact that the statute was written to appear divisible, a Texas Court of Appeals cast doubt on such a finding. In the state appellate court decision, the state court held that burglary as defined in subsections (a)(1) and (a)(3) were not two distinct criminal offenses and that jurors were free to choose between the two subsections without imperiling a conviction. Based on this state court opinion and the Supreme Court's decision in *Mathis*, the Fifth Circuit held the two provisions of the Texas statute were not distinct offenses, but rather separate means of committing one burglary offense, and as such, the statute was not divisible. By finding that the Texas statute was indivisible, the Fifth Circuit overruled its earlier decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016).

Because the statute was indivisible, the Fifth Circuit next looked to whether the Texas burglary statute was nongeneric. If either subsection of the Texas statute was broader than generic burglary, then the defendant's burglary conviction could not serve as the basis of an ACCA sentence enhancement. Under ACCA, the definition of a generic burglary offense requires "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Because subsection 30.02(a)(3) contained no contextual requirement that a defendant's intent to commit a crime contemporaneously accompany a defendant's unauthorized entry, the Fifth Circuit held that this fact made the Texas statute broader than ACCA's generic definition. In reaching this holding, the Fifth Circuit acknowledged decisions from the Fourth and Sixth Circuits to the contrary. In fact, the Fourth Circuit's decision specifically considered the same Texas statute in question and concluded that the statute was generic. The Fifth Circuit found the Fourth Circuit's holding and reasoning unpersuasive. Based on its holdings, the Fifth Circuit vacated and remanded Herrold's ACCA sentence enhancement.

Therefore, it is equitable that Bahena be resentenced without the career offender enhancement, in view of the fact that his prior state felony burglary of a habitation conviction does not qualify as a predicate offense under the career offender guideline. In addition to the instant offense prerequisite, Bahena must possess at least

29

"two" prior convictions qualifying under the aforementioned criteria. Thus, Bahena no longer qualifies, because the aforementioned prerequisite criteria cannot be satisfied without the use of the Texas prior for burglary, which is no longer an option.

Without the career offender enhancement, Bahena's Base Offense Level would have been 30, less three (3) levels for acceptance of responsibility. This will result in a Total Offense Level of 27, in Criminal History Category V, which yields an advisory guideline range of 120 to 150 months' imprisonment.

Accordingly, Bahena's sentence should be vacated for a full resentencing without the career offender enhancement.

### Reasons for Granting This Petition

Via constitutional consideration in relation to the instant case, Bahena contends that the Honorable Court should consider the following elements in association with constitutional mandate; namely, his Fifth Amendment rights associated with due process, including -- "a right to be held accountable in accordance the relevant elements of governing law, under the provisional scope of the "fairness clause," "impartiality clause" and "equal protection," by which in accordance with the aforementioned, due process is satisfied only when a defendant's rights and interest a represented and upheld in accordance with the restraints of the law." Furthermore, equal protection, requires that "all defendants similarly situated, be treated equally

30

and/or alike under the color of the law. Thus, to punish one person more severely than another, when both parties are of an equivalent stature, serves as a violation of "equal protection." Moreover, the aforementioned scenario can serve as a "fundamental miscarriage of justice," via "actual innocent," when the following two criteria can be met.

1) There exist an absence of the facts that are prerequisites for the sentence imposed, "Actual Innocence"; and

2) A judicial result, in which, a defendant is convicted despite a lack of evidence on an essential element of the crime and/or (provision), "Miscarriage of Justice."

See Black's Law, 10th Edition.

Furthermore, in accordance with the totality of the aforementioned, the relief Bahena is hereby seeking is warranted under the provisional scope of constitutional mandate; namely, the Fifth Amendment right requiring Due Process of the Law, which includes clause requiring "fairness," "impartiality," and "equal protection." This Honorable Court is required to apply the law evenhandedly with regard to those defendant who are similarly situated [*Herrold*]. *Herrold* decision is subject to retroactive application, because it serve to satisfy both the exceptions established via the *Teague* Doctrine. Bahena's position is further supported by prior Supreme Court mandate, that was relevant before he was sentence on June 15, 2016. See *Mathis v.*

31

United States, 195 L.Ed 2d 604 (June 23, 2016). Although the *Mathis* decision was issued eight days after Bahena was sentenced, it was argued on before the Supreme Court on April 26, 2016, approximately one month after Bahena entered his plea on March 18, 2016. Also, the U.S. Sentencing Commission had previously announced on January 27, 2016, "that as of August 1, 2016 via Amendment 798 to the Guidelines, the offense of "burglary" would no longer be an enumerated crime of violence." Thus, unavailable in connection with USSG § 4B1.2, which serves as the provisional scope by which the career offender maybe legally applied; and, further serves to support the fact that Bahena should not be sentenced under the scope of the career offender provision. Moreover, the aforementioned serves to produce a "fundamental miscarriage of justice," in accordance with the aforementioned definitions, because Bahena does not possess the prerequisite facts in the form of "two" violent and/or drug trafficking offenses. Thus, no judge or jury acting within reason and under the scope of the law, could ever legally vote him a viable candidate for the career offender provision.

## VI. CONCLUSION

For the above and foregoing reasons, Bahena's conviction and sentence must be vacated without the career offender enhancement. In the alternative, it is respectfully requested that the Court hold an evidentiary hearing should be held so

that Bahena may further prove his meritorious ground for relief, resolve any disputed

facts, and expand an incomplete record

Respectfully submitted,

Dated: August 2, 2018

ROBERT BAHENA, JR.
REG. NO. 84965-280
FCI FLORENCE
FEDERAL CORR. INSTITUTION
P.O. BOX 6000
FLORENCE, CO  81226
Appearing *Pro Se*

33

ROBERT BAHENA, JR.
REG. NO. 84965-280
FCI FLORENCE
FEDERAL CORR. INSTITUTION
P.O. BOX 6000
FLORENCE, CO  81226

_August 2_, 2018

Ms. Jeannette Clack
Clerk of Court
U. S. District Court
Western District of Texas
Midland-Odessa Division
200 East Wall Street, Room 222
Midland, TX 79701

      RE:   *Bahena v. United States*
            Civil No. 7:18-cv-_138_
            Crim No. 7:16-cr-00021-RAJ-1

Dear Ms. Clack:

      Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support. Please submit these documents to the Court.

      Thank you for your assistance in this matter.

                            Sincerely,

                            ROBERT BAHENA, JR.
                            Appearing *Pro Se*

Encls. as noted

Robert Bahena JR #84965-280
Federal Correctional Institution —
P.O Box 6000
Florence, CO 81226



RECEIVED

AUG 1 3 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

MS. Jeannette Clack
Clerk of Court
U.S. District Court
Western District of Texas
Midland-Odessa Division
200 East Wall Street, Room 222
Midland, TX 79701